# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| APRIVEN PARTNERS, LP, | CASE NO. 08-CV-1760 |
| Plaintiff, | |
| v. | |
| THOMAS J. PETTERS, | |
| Defendant. | |

## NOTICE OF ORDER STAYING CIVIL LITIGATION

Please take notice that on October 22, 2008, the Honorable Ann D. Montgomery, U.S. District Judge for the District of Minnesota (hereafter "the Court"), issued an Order staying all civil litigation against the Receivership Defendants, including Thomas J. Petters, a defendant in the above matter

## BACKGROUND

On October 6, 2008, in the proceeding entitled United States v. Thomas Joseph Petters, U. S. District Court for the District of Minnesota, Case No. 08-SC-5348 (ADM/JSM), the Court appointed Douglas A. Kelley as receiver for Petters Group Worldwide, LLC ("PGW") and Petters Company, Inc. ("PGI"). A copy of the Order is attached as Exhibit A.

On October 14, 2008, the Court amended its prior order and appointed Kelley as receiver for individuals Thomas J. Petters, Deanna Munson Coleman, Robert White, James Wehmhoff, Larry Reynolds d/b/a Nationwide International Resources, and Michael Catain d/ b/a Enchanted Family Buying Company. A copy of the October 14, 2008 order is attached as Exhibit B.

On October 22, 2008, the Court granted the receiver's motion for a stay of civil litigation against the Receivership Defendants. In Section V, at pages 18-19, of the Order, the Court states, in pertinent part:

> IT IS FURTHER ORDERED that, except by leave of this Court, during pendency of the receivership ordered herein, Defendants, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons (except the Receiver), are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants, including but not limited to:
>
> A. Petitioning, or assisting in the filing of a petition that would cause any Receivership Defendant to be placed in bankruptcy;
>
> B. Commencing, prosecuting, or continuing a judicial, Administrative, or other action or proceeding against the Receivership Defendants, including the issuance or employment of process against the Receivership Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations;
>
> C. Filing of enforcing any lien on any asset of the Receivership Defendants, taking or attempting to take possession, custody, or

control of any asset of the Receivership Defendants; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of the Receivership Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

D. Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control or possession of, the assets or documents subject to this Receivership.

A copy of Judge Montgomery's Order is attached as Exhibit C.

Dated: October 31, 2008

Respectfully submitted,

WINSTEAD PC

By: /s/David Johnson
David Johnson
Texas Bar No. 24002357
1100 Carter Burgess Plaza
777 Main Street
Fort Worth, TX 76102
(817) 420-8223  Telephone
(817) 420-8201  Facsimile
dfjohnson@winstead.com

*Attorneys for Defendant Thomas J. Petters*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2008 a true and correct copy of the above notice was electronically mailed to the parties registered or otherwise entitled to receive electronic notices in these cases pursuant to the Electronic Filing Procedures in this District, and was served via regular mail to the parties not served by electronic notice.

By: /s/ David F. Johnson
David F. Johnson